UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 5:16-CV-00177-GNS-LLK

HOSEA CHATMAN                                                                    PETITIONER

v.

KATHY LITTERAL, Warden                                                         RESPONDENT

## MEMORANDUM OPINION AND ORDER

The Court considers Magistrate Judge King's Report and Recommendation ("R&R") (Findings of Fact, Conclusions of Law and Recommendation (DN 16) regarding Petitioner Hosea Chatman's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (DN 1), and Petitioner's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 17). For the following reasons, the Court **ADOPTS IN PART** Magistrate Judge King's R&R (DN 16), **OVERRULES** Petitioner's Objection (DN 17), and **DENIES** the Petition for Habeas Relief (DN 1).

### I.   BACKGROUND

On March 5, 2010, a grand jury in McCracken County, Kentucky, returned a nine-count indictment against Chatman for robbing a Bluegrass Check Advance in January 2010.[1] (R&R 1, DN 16; Indictment 6-10, DN 11-3). Subsequently, the McCracken Circuit Court held pretrial hearings pertaining to Chatman's case, two of which are relevant to Chatman's habeas proceedings. First, on January 31, 2011, the court held a suppression hearing to determine the

---

[1] The indictment charged Chatman with: (1) first-degree robbery, (2) two counts of kidnapping in commission of robbery, (3) second-degree fleeing/evading police, (4) attempt to disarm a peace officer, (5) third-degree assault, (6) third-degree criminal mischief, (7) resisting arrest, and (8) being a first-degree persistent felony offender. (R&R 1, n.1; Resp't's Resp. Pet. App. 1-5, DN 11-3).

admissibility of Michelle Edwards' ("Edwards")—a victim of Chatman's crimes—identification of Chatman as the robber. (R&R 1). According to Chatman, Edwards initially told law enforcement that she could not see Chatman's nose during the robbery, but testified at the hearing that his nose was visible. (R&R 1).[2] Second, the trial court held a hearing to rule on Chatman's motion for "hybrid representation" (i.e., representation where a criminal defendant serves as co-counsel) on May 10, 2011. (R&R 2). At the hearing, the court warned Chatman of the risks associated with self-representation. *Chatman v. Commonwealth*, No. 2012-CA-001179-MR, 2014 WL 199066, at *4 (Ky. App. Jan. 17, 2014) (*Chatman I*). Chatman explained that he only wanted to file motions, and the court gave him permission to do so; but the court advised him to allow co-counsel to review motions he planned to submit. *Id.*

Chatman's jury trial began on October 25, 2011. That day, Edwards testified. According to Chatman, he sought to cross-examine Edwards regarding her inconsistent statement, but the court would not allow him to do so. (Pet'r's Second Mot. Vacate 7, DN 11-5). On the second day of his jury trial, Chatman unconditionally pled guilty to seven of the nine counts and entered an *Alford* plea with respect to the others.[3] (R&R 2).

### A. Chatman's First Motion for Post-Conviction Relief

After pleading guilty, Chatman filed a motion pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 and Kentucky Rule of Civil Procedure ("CR") 60.02, seeking post-

---

[2] As discussed below, Chatman claims that the Commonwealth knowingly used false testimony when it permitted Edwards to testify that she could see Chatman's nose (Claim Four), and that trial counsel provided ineffective assistance when he failed to impeach Edwards about her inconsistent statement (Claim Five).

[3] In the plea agreement, the Commonwealth amended the first-degree robbery charge to second-degree robbery and the first-degree persistent felony offender charge to a second-degree persistent felony offender. (R&R 2, n.2; Resp't's Resp. Pet. App. 6-11, DN 11-3). Pursuant to the plea agreement, Chatman waived his right to direct appeal. (Resp't's Resp. Pet. App. 8, DN 11-3).

conviction relief. In his motion, he requested relief on the grounds that: (1) the trial court allowed him to self-represent without first conducting a proper hearing as required by *Faretta v. California*, 422 U.S. 806 (1975); (2) his trial counsel provided ineffective assistance when he: (a) failed to object to the inadequacy of the *Faretta* hearing, (b) advised Chatman to plead guilty to the kidnapping charges without obtaining a ruling on the question whether the "kidnapping exemption,"[4] applied, and (c) refused to impeach Edwards' identification with her inconsistent statement; and (3) the Commonwealth engaged in prosecutorial misconduct when it knowingly used false testimony—i.e., Edwards' testimony that she could see Chatman's nose when he robbed her—at the suppression hearing. (Resp't's Resp. Pet. App. 3-17, DN 11-4).

The trial court rejected Chatman's motion. (Resp't's Resp. Pet. App. 18-24, DN 11-4). On appeal, the Kentucky Court of Appeals held that the trial court conducted a proper *Faretta* hearing because it warned Chatman of the risks associated with self-representation.[5] It also noted that Chatman may have waived his *Faretta* hearing claims when he pled guilty.[6] *Chatman I*, 2014 WL 199066, at *5. The Court of Appeals then affirmed the trial court's denial of

---

[4] Kentucky Penal Code recognizes an exception to the crime of kidnapping and the relevant statute provides:

> A person may not be convicted of . . . kidnapping when his criminal purpose is the commission of an offense defined outside this chapter and his interference with the victim's liberty occurs immediately with and incidental to the commission of that offense, unless the interference exceeds that which is ordinarily incident to commission of the offense which is the objective of his criminal purpose.

KRS 509.050.
[5] The Kentucky Court of Appeals reasoned that the trial court warned Chatman that "it had seen a *pro se* defendant do things and state things during trial that alienated the jury" and that the statements he used in motions "could be used against him," and that these warnings satisfied *Faretta*. *Chatman I*, 2014 WL 199066, at *4.
[6] The Court of Appeals suggested that Chatman's *Faretta* hearing claims "may be moot," but did not address the merits of that question. *Chatman I*, 2014 WL 199066, at *5.

Chatman's ineffective assistance claims, reasoning that: (1) counsel did not provide ineffective assistance when he failed to object during the *Faretta* hearing because "a proper *Faretta* hearing was held," and, therefore, counsel had no reason to object; and (2) Chatman's counsel properly advised him of the consequence of entering an *Alford* plea with respect to the kidnapping charges.[7] *Chatman I*, 2014 WL 199066, at *5-6. Finally, the Kentucky Court of Appeals dismissed Chatman's claim that trial counsel provided ineffective assistance when he refused to impeach Edwards, reasoning that his post-conviction counsel failed to preserve that claim.[8] *Id.* at *7.

> **B.** **Chatman's Second Motion for Post-Conviction Relief**

While his RCr 11.42 and CR 60.02 motion was pending before the Kentucky Supreme Court,[9] Chatman filed a second motion seeking post-conviction relief pursuant to CR 60.02. In that motion, Chatman claimed: (1) the Commonwealth violated his plea agreement when it failed to return his eyeglasses; (2) the prosecution knowingly used false testimony during the suppression hearing; (3) the circuit court deprived him of his right to self-represent when it refused to allow him to cross-examine Edwards regarding her inconsistent statement; and (4) ineffective assistance because post-conviction counsel failed to preserve his claim that trial

---

[7] The Kentucky Court of Appeals also noted that Chatman's claim that counsel provided ineffective assistance when he advised Chatman to plead guilty to kidnapping prior to obtaining a ruling on whether the kidnapping exemption applied could be interpreted as an allegation that the evidence was insufficient to support his kidnapping convictions. *Id.* at *6. It then reasoned that Chatman waived this argument when he pled guilty. *Id.* ("[T]he general rule is that pleading guilty unconditionally waives all defenses except that the indictment did not charge an offense." (citing *Hughes v. Commonwealth*, 875 S.W.2d 99, 100 (Ky. 1994)).

[8] Additionally, Chatman's post-conviction counsel did not raise his prosecutorial misconduct claim on appeal, and, as such, the Kentucky Court of Appeals did not address this claim.

[9] The Kentucky Supreme Court ultimately declined to review Chatman's first motion for post-conviction relief. (Resp't's Resp. Pet. App. 95, DN 11-4).

4

counsel provided ineffective assistance when he refused to impeach Edwards' identification. (Resp't's Resp. Pet. App. 1-13, DN 11-5).[10]

Again, the Kentucky courts denied relief. (Resp't's Resp. Pet. App. 14-19, DN 11-5); *Chatman v. Commonwealth*, No. 2015-CA-001217-MR, 2016 WL 6134899, at *3 (Ky. App. Oct. 21, 2016) (*Chatman II*). The Kentucky Court of Appeals reasoned that Chatman waived his claim that the Commonwealth materially breached his plea agreement when it failed to return his eyeglasses, and that, in any event, the provision regarding his eyeglasses was immaterial and did not render Chatman's plea involuntary. *Chatman II*, 2016 WL 6134899, at *2. Next, the Court of Appeals explained that Chatman waived his prosecutorial misconduct and self-representation claims when he entered an unconditional guilty plea. *Id.* at *3. Finally, it affirmed the trial court's rejection of Chatman's ineffective assistance claim, reasoning that criminal defendants have no right to post-conviction counsel. *Id.*

### C. Chatman's Petition for Habeas Corpus Relief

On November 2, 2016, Chatman filed a petition for a writ of habeas corpus. In his petition, Chatman raised eight grounds for relief: (1) the trial court failed to conduct a proper *Faretta* hearing prior to permitting him to self-represent; (2) trial counsel provided ineffective assistance when he did not object to the allegedly inadequate *Faretta* hearing; (3) trial counsel provided ineffective assistance when he advised Chatman to plead guilty to his kidnapping charge without obtaining a ruling on the applicability of the kidnapping exemption; (4) trial counsel provided ineffective assistance when he failed to impeach Edwards' identification; (5) the Commonwealth violated due process when it knowingly used Edwards' false testimony during the suppression hearing; (6) the Commonwealth violated due process when it breached

---

[10] Chatman asserted several other claims, none of which are relevant to the Petition or Magistrate Judge King's R&R.

5

the plea agreement; (7) the trial court deprived Chatman of his right to self-represent when it declined to permit him to cross-examine Edwards; and (8) post-conviction counsel provided ineffective assistance when she failed to preserve certain issues on appeal. (Pet. 1-20).

On April 11, 2017, Magistrate Judge King recommended that Chatman's Petition be denied and that a Certificate of Appealability also be denied. (R&R 7). Chatman filed general objections to Magistrate Judge King's R&R on April 20, 2017.

## II. JURISDICTION

This Court has jurisdiction to review "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## III. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted) (internal quotation marks omitted). All findings of

fact by the state court are presumed to be correct and can be rebutted only by "clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has concluded that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (internal quotation marks omitted).

When reviewing a magistrate judge's report and recommendation regarding a prisoner's petition for a writ of habeas corpus, "[a] judge . . . shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). If a petitioner fails to object, the Court need not "review a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). General objections have the same effect as would a failure to object—i.e., the Court may forego review of general objections, and general objections are insufficient to preserve the right to appeal. *Mensah v. Mich. Dep't of Corr.*, 513 F. App'x 537, 538 (6th Cir. 2013) (explaining the consequences of failing to file specific objections).

### IV. DISCUSSION

Chatman generally objects to Magistrate Judge King's factual findings and conclusions of law. At no point does he identify the specific factual findings to which he objects, and his legal arguments reiterate those raised in his habeas petition. The Court is not required to review Chatman's general objections and may adopt Magistrate Judge King's R&R outright. *See Thomas*, 474 U.S. at 150 (noting that general objections need not be reviewed "under a *de novo*

or any other standard . . . ."). Nonetheless, the Court will review the R&R in light of Chatman's general objections.

A. **Claims One and Two**

In Claims One and Two, Chatman complains about his *Faretta* hearing. Specifically, he says that the circuit court failed to conduct a proper *Faretta* hearing prior to permitting him to self-represent and that trial counsel provided ineffective assistance when he failed to object to the adequacy of the *Faretta* hearing. (Pet'r's Obj. 1-4). Further, he asserts that "a guilty plea does [not] waive" the right to a *Faretta* hearing, that the warnings he received during his *Faretta* hearing were inadequate, and that he would not have waived his right to counsel had he received a proper *Faretta* hearing. (Pet'r's Obj. 2-3).

Magistrate Judge King recommended that the Court reject these claims, reasoning that the Kentucky Court of Appeals properly applied the U.S. Supreme Court's precedent when it dismissed these claims as moot in light of Chatman's guilty plea. (R&R 4). As the Supreme Court held in *Tollett v. Henderson*, 411 U.S. 258 (1973), a defendant who enters an unconditional guilty plea "may only attack the voluntary and intelligent character of the . . . plea" itself. *Chatman I*, 2014 WL 199066, at *5. The Court of Appeals applied *Tollett* when it rejected Chatman's ineffective assistance claim and suggested, without deciding, that Chatman waived his *Faretta* hearing claim when he pleaded guilty. *Id*.

Though the Sixth Circuit has held that *Tollett*'s waiver principle applies to the right to self-represent and *Faretta* hearings,[11] the Court is hesitant to adopt Magistrate Judge King's analysis. On habeas review, the Court reviews the state court's decision, and, here, the Kentucky

---

[11] In *Werth v. Bell*, 692 F.3d 486 (6th Cir. 2012), the Sixth Circuit held that "a defendant waives his self-representation claim by entering a knowing and voluntary unconditional guilty plea." *Id.* at 495.

8

Court of Appeals explicitly declined to decide whether the state-law equivalent of *Tollett* waives the right to self-represent. *Chatman I*, 2014 WL 199066, at *5. Additionally, the state appellate court did not discuss *Tollett* when it rejected Claim Two.

The Court adopts Magistrate Judge King's conclusion: the Kentucky Court of Appeals' holding that Chatman received a proper *Faretta* hearing is not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by" the Supreme Court. (R&R 4); 28 U.S.C. § 2254(d)(1). In addressing Claim One, the state appellate court applied *Commonwealth v. Terry*, 295 S.W.3d 819, 822 (Ky. 2009), wherein the Kentucky Supreme Court held that, prior to allowing a criminal defendant to self-represent, the trial court must, at minimum, "specifically" warn the defendant "of the hazards ahead . . . ." *Chatman I*, 2014 WL 199066, at *4 (quotations omitted). It then found that the trial court warned Chatman not to "alienate[] the jury" or make "statement[s] in his motions that could be used against him," and that, with these warnings, Chatman decided to proceed *pro se* "with 'eyes open.'" *Id.* at *4-5 (quoting *Iowa v. Tovar*, 541 U.S. 77, 88 (2004) (citation omitted)).[12] The Kentucky Court of Appeals' decision is not contrary to or an unreasonable application of *Faretta*.

Additionally, the Kentucky Court of Appeals' decision rejecting Chatman's ineffective assistance claim was not contrary to or an unreasonable application of clearly established federal law. (R&R 4). In *Strickland v. Washington*, 466 U.S. 668 (1984), the U.S. Supreme Court held that to establish ineffective assistance a defendant must show that: (1) that counsel provided deficient performance, and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. Here, the Kentucky Court of Appeals reasoned that because the trial court held a proper

---

[12] Chatman has not disputed the fact that the circuit court warned him about proceeding *pro se*, much less submitted clear and convincing evidence contradicting the Kentucky Court of Appeals' finding, and, as such, these events are presumed to have occurred. *See* 28 U.S.C. § 2254(e)(1).

*Faretta* hearing trial counsel had no reason to object to that hearing and, thus, his failure to object did not constitute ineffective assistance. *Chatman I*, 2014 WL 199066, at *5. The Supreme Court has held that counsel's failure to make a meritless objection does not deprive a defendant of his right to effective counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986) (when defendant claims ineffective assistance based on counsel's failure to make a motion, the motion must address meritorious issue to give rise to ineffective assistance claim). The Kentucky Court of Appeals' decision to reject Claim Two was not contrary to or an unreasonable application of federal law.

Accordingly, the Court finds that Magistrate Judge King's analyses regarding Claims One and Two exceeds the scope of the Kentucky Court of Appeals' decision, but nonetheless adopts his factual findings and legal conclusions. Chatman is not entitled to habeas relief.

### B. Claims Three, Four, Five, & Seven[13]

The Court of Appeals rejected Claims Three, Four, Five, and Seven, for the same reason: Chatman waived these claims when he unconditionally pled guilty to the crimes charged in the indictment. (R&R 3-5); *Chatman I*, 2014 WL 199066, at *6 (rejecting Chatman's ineffective assistance claim because "pleading guilty unconditionally waives all defenses except that the indictment did not charge an offense") (citing *Hughes*, 875 S.W.2d at 100) (citation omitted); *Chatman II*, 2016 WL 6134899, at *3 (explaining that Chatman waived his due process claim and his right to self-represent when he entered an unconditional guilty plea).

Magistrate Judge King did not err in recommending denial of habeas relief with respect to these claims. As Magistrate Judge King explained, the Supreme Court has long held that "[a]fter the entry of an unconditional guilty plea, a defendant 'may only attack the voluntary and

---

[13] The Kentucky Court of Appeals' opinions and the R&R dispose of each of these claims in the same manner, and, as such, the Court discusses these claims together.

intelligent character of the guilty plea [itself] by showing that the advice he received from counsel [to plead guilty] was not within the standards" of effective assistance of counsel. (R&R 3 (quoting *Tollett*, 411 U.S. at 267)). Further, Claims Three, Four, Five, and Seven each attack pre-plea conduct and proceedings. (R&R 3-4). Accordingly, Magistrate Judge King correctly concluded that the Kentucky Court of Appeals did not apply federal law unreasonably when it denied Chatman's claims pursuant to the principles of *Tollett*.

### C. Claim Six

In Claim Six, Chatman asserts that the Commonwealth breached his plea agreement when it failed to return his eyeglasses. (Pet. 13). Chatman's plea agreement stated that his eyeglasses would be returned to him, but the eyeglasses were instead mistakenly included on a list of items to be destroyed. (Resp't's Resp. Pet. App. 7, DN 11-3; R&R 5 n.8). As such, the Paducah Police Department destroyed the eyeglasses. (R&R 5 n.8).

The Kentucky Court of Appeals concluded that Chatman procedurally defaulted Claim Six when he failed to raise it on appeal from the trial court's denial of his first motion for post-conviction relief. *Chatman II*, 2016 WL 6134899, at *2. Specifically, the Kentucky Court of Appeals noted:

> Chatman briefly addressed the [Commonwealth's alleged breach of the plea agreement] in his previous . . . motion, filed May 16, 2012. Chatman failed to object when the circuit court did not render specific findings on that issue . . . . Therefore, we believe that [this] issue has already been litigated in one post-conviction proceeding. We reject [Chatman's] attempt to relitigate it as part of this appeal.

*Id.* Magistrate Judge King decided that he could not review Claim Six, reasoning that the Kentucky Court of Appeals' basis for dismissing it constituted an "independent and adequate" ground on which that court's decision could rest. (R&R 6).

Magistrate Judge King was correct to decline review of Claim Six. The U.S. Supreme Court has held that the "independent and adequate state ground doctrine . . . applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner . . . failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). As noted, here, the Kentucky Court of Appeals declined to review Claim Six because Chatman failed to preserve it. *Chatman II*, 2016 WL 6134899, at *2. Thus, the state appellate court's determination with respect to this claim rests on independent and adequate state-law grounds, and a federal court may not review it. (R&R 5-6). Accordingly, habeas relief is not warranted.

  **D.**  **<u>Claim Eight</u>**

In Claim Eight, Chatman asserts that post-conviction counsel provided ineffective assistance when he failed to preserve certain claims on appeal. Chatman did not object to Magistrate Judge King's R&R with respect to Claim Eight, and, as such, the Court adopts Magistrate Judge King's findings and conclusions with respect to this claim. Accordingly, Claim Eight does not provide a basis to grant Chatman habeas relief.

But even if Chatman had lodged a general objection to Magistrate Judge King's findings and conclusions regarding Claim Eight, any such objection would be meritless. Magistrate Judge King rejected Claim Eight because criminal defendants have no right to effective post-conviction counsel. (R&R 6-7 (quoting 28 U.S.C. § 2254(i), which states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings should not be a ground for relief in a proceeding arising under section 2254.")). The Kentucky of Court of Appeals reached the same conclusion. *Chatman II*, 2016 WL 6134899, at *3 ("Ineffective assistance of post-conviction counsel is not a cognizable claim under Kentucky

law."). Given that the Supreme Court has held that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," the Court of Appeals' decision is correct and Chatman is not entitled to habeas relief with respect to Claim Eight. *See Coleman*, 501 U.S. at 753.

### E. Certificate of Appealability

Magistrate Judge King recommended that this Court deny Chatman a Certificate Appealability with respect to each of his claims. Chatman did not object to this recommendation, and, as such, this Court will adopt it.

### V. CONCLUSION

For the reasons listed above, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 17) is **OVERRULED**;

2. Magistrate Judge King's Findings of Fact, Conclusions of Law and Recommendation (DN 16) are **ADOPTED IN PART** as and for the opinion of this Court;

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED WITH PREJUDICE**; and

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

Greg N. Stivers, Judge
United States District Court
September 28, 2017

cc: counsel of record
Petitioner, *pro se*